# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC, | Case No. CV 16-07522-JLS (AFM) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 1915(g)** |
| DEBBIE ASUNCION, *et al.,* | |
| Defendants. | |

Plaintiff, a state prisoner, lodged for filing a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2016. He filed an accompanying Request to Proceed without Prepayment of Filing Fees ("IFP Request").

In this action, plaintiff has sued the Warden of the California State Prison – Los Angeles County ("CSP-LAC"), Debbie Asuncion, as well as two prison officials at CSP-LAC. Plaintiff purports to allege one claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment arising from a stay in an "Enhanced Outpatient Program" from May 6, 2016, to June 28, 2016. (*See* ECF No. 1 at 8). During that period, plaintiff alleges he was forced to choose between "access to the yard (exercise)" and going to the law library. Plaintiff alleges that the "policy is indifferent to mentally ill inmates," but he does not allege that he suffered any injury. Further, plaintiff does not allege that Warden Asuncion

instituted any policy that resulted in the law library hours and the "yard" hours coinciding for the period at issue.  Accordingly, the action fails to state a claim on which relief may be granted against Warden Asuncion and lacks an arguable basis in law for attempting to impose liability arising from the Warden's supervisory authority.  *See, e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  In addition, accepting plaintiff's factual allegations as true, construing them liberally, and giving him the benefit of the doubt as a *pro se* litigant, plaintiff alleges that he was limited to one or two days per week of "yard" time for a period slightly longer than seven weeks.  These allegations fall far short of stating an Eighth Amendment claim for the deprivation of all access to outdoor exercise for a substantial length of time.  *See, e.g., Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (temporary denial of outdoor exercise is not a substantial deprivation); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc) (prisoner's allegation that, during about seven weeks he "was denied all access to outdoor exercise," was sufficient to state an Eighth Amendment claim).  Thus, the factual allegations in this case fail to state a claim upon which relief may be granted and are frivolous as lacking an arguable basis in law or fact.  *See Washington v. Los Angeles County Sheriff's Dep't*, 2016 WL 4254981, at *5 (Aug. 12, 2016) (defining "categorically frivolous" for purposes of 28 U.S.C. § 1915(g) as "having 'no basis in law or fact'") (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

Moreover, a review of recent civil actions filed by plaintiff in this Court reflects that plaintiff is subject to the provisions of 28 U.S.C. § 1915(g).  Pursuant to Section 1915(g), a prisoner may not bring a civil action without prepayment of the full filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in § 1915, parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews*, 398 F.3d at 1121. The Ninth Circuit also has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes as a strike for purposes of § 1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). In addition, the Supreme Court has held that a "prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

The Court takes judicial notice of the following prior civil actions filed by plaintiff in this Court that qualify as strikes for purposes of § 1915(g). *See* Fed. R. Evid. 201(b):

(1) *LeBlanc v. Soto*, Case No. 16cv3398-JLS (AFM), in which plaintiff's IFP Request was denied in an order filed June 21, 2016, on the grounds that the duplicate filing was frivolous (*see* ECF No. 4);

(2) *LeBlanc v. Asuncion*, Case No. 16cv4280-JLS (AFM), in which plaintiff's IFP Request was denied in an order filed on June 24, 2016, on the grounds that the duplicate filing was frivolous (*see* ECF No. 5);

(3) *LeBlanc v. Asuncion*, Case No. 16cv4725-JLS (AFM), in which plaintiff's IFP Request was denied in an order filed on July 8, 2016, on the grounds, *inter alia*, that the filing was frivolous and failed to state a claim upon which relief may be granted (*see* ECF No. 4);

(4) *LeBlanc v. Asuncion*, Case No. 16cv7434-JLS (AFM), in which plaintiff's IFP Request was denied in an order filed on October 12, 2016, on the grounds that the filing was frivolous and failed to state a claim upon which relief may be granted (*see* ECF No. 4).

Accordingly, because plaintiff has accumulated three or more three strikes, plaintiff is precluded from proceeding IFP herein unless and until he can show that, at the time the relevant action was filed, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced **at the time the complaint was filed**, not at some earlier or later time." *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). Because plaintiff had been transferred to a different facility before the filing of this action, nothing in the factual allegations pertaining to an incident at CSP-LAC raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he lodged for filing this action.

IT THEREFORE IS ORDERED that, on or before November 11, 2016, plaintiff shall show cause in writing why leave to proceed IFP should not be denied and why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the denial of his Request to Proceed without Prepayment of Filing Fees.

DATED: October 18, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE